```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

N.M.I., individually and as natural
guardian of T.R.T. an infant and R.T.
an infant,                                      ORDER

                    Plaintiffs,       15-cv-00856 (JBW)(MDG)

          - against -

ALFONS SADOWSKI AS AN EXECUTOR OF
ESTATE OF MARIE HAINES a/k/a MARIE
TONKONOD a/k/a MARIE TONKONOG a/k/a
MARIE TONKONOH; PROACTIVE MANAGEMENT,
INC. and HORIZON REALTY OF NEW YORK
LLC,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X
```

Plaintiffs, with the defendants' consent, move to amend the caption of the complaint in this personal injury action to protect the full names of the minor plaintiffs, redact the minor plaintiffs' month and day of birth from all court filings and to seal the entire record in this action.

BACKGROUND

Defendant Horizon Realty LLC removed this action from the Supreme Court of the State of New York, County of Queens, on February 18, 2015. <u>See</u> ct. doc. 1. The complaint filed in state court and attached to the notice of removal includes the full name of the infant plaintiffs.

On February 19, 2015, this Court issued an electronic order advising the parties of the requirements of Rule 5.2 of the

Federal Rules of Civil Procedure and requiring them to confer and file a letter by February 26, 2015 advising whether they wish to proceed in this action with the minors' names redacted or to be relieved of the requirements of Rule 5.2. This Court further directed the Clerk's Office to restrict access to the notice of removal to the parties in this action. In response, plaintiff filed the instant motion on consent of all parties.

DISCUSSION

The press and the public have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents" and docket sheets. See Hartford Courant Co. v. Pellegrino, 371 F.3d 49, 59 (2d Cir. 2004); see also Newsday LLC v. County of Nassau, 730 F.3d 156, 163 (2d Cir. 2013) (First Amendment right of access "applies to 'civil trials and to their related proceedings and records'") (quoting N.Y. Civil Liberties Union v. N.Y.C. Transit Auth., 684 F.3d 286, 298 (2d Cir. 2012)). Thus, there is a strong presumption against sealing court records from the public. See Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 597-99 (1978). Such a presumption may be overcome by demonstrating that sealing will further substantial interests. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006). Motions to seal must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to shield the materials from

access by the public.  See In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).  A court must make "specific findings on the record demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  U.S. v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); see Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 505 (1984); Lugosch, 435 F.3d at 120.

Plaintiffs have not established that it is necessary to bar all public access to this case or to seal all documents filed to date.  Even if plaintiff had articulated a compelling need for sealing any document filed to date, a blanket sealing of the entire case would be inappropriate.  See City of Hartford v. Chase, 942 F.2d 130, 137 (2d Cir. 1991) ("[t]his determination should not be made on a file-by-file basis, or even on a stipulation of the parties, but instead, the district court, itself, should review each document that the parties seek to have sealed"); Rossi v. West Haven Bd. of Educ., 2005 WL 839661, at *1 (D. Conn. 2005) ("[a] blanket sealing order . . . would rarely, if ever, be appropriate"); Livecchi v. Rochester Police Dep't, 2004 WL 1737379, at *1 (W.D.N.Y. 2004).  Plaintiffs' privacy concerns are mitigated by the procedures provided for in Rule 5.2 as discussed below.  Significantly, plaintiffs filed their motion only after this Court's February 19, 2015 order and after the complaint, which disclosed the minor plaintiffs' full names, was

available to the public in the Clerk's Office, on the Court's electronic filing system and in state court records.

Rule 5.2 provides that certain information must be redacted from all filings and that other information may be redacted for good cause shown.  See Fed. R. Civ. P. 5.2(a), (e).  Accordingly, I grant those aspects of plaintiffs' motion that seek to amend this case's caption to disclose only the minor plaintiffs' initials.  In addition, to further protect the identities of the infant plaintiffs in future filings, the parties must also use initials in place of the guardian plaintiff's full name and the parties must use the caption above when filing papers with the Court, and redact any other information that would tend to identify the infant plaintiffs, including the day and month of their birth.

The parties are granted leave to file under seal any medical records of the infant plaintiffs without further order of the Court.  The parties are further directed to confer and file a proposed protective order governing the use of materials in this litigation that qualify for confidential treatment under applicable law.

Finally, the parties must submit to chambers hard or electronic copies of the notice of removal and the papers attached thereto with the initials of plaintiffs substituted for their full names.  This Court will arrange for the redacted documents to be

filed to be publicly available in the Clerk's Office and the Court's electronic case filing system.

The Clerk of Court is respectfully requested to conform the docket sheet to the above caption.

**SO ORDERED.**

Dated:    March 16, 2015
             Brooklyn, New York

                                      /s/_____
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE